Eileen C. KAUN, Plaintiff-Appellant,

BADGER MUTUAL INS. CO., a domestic corporation, Intervening Plaintiff-Respondent,

v.

INDUSTRIAL FIRE & CASUALTY INSURANCE COMPANY and Daniel J. Smith, Defendants.†

Court of Appeals

*No. 85–1286. Argued December 2, 1987.—Decided December 16, 1987.*

(Also reported in 419 N.W.2d 272.)

---

† Petition to review granted.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs and oral argument of *Mortin Gollin* of Palm Springs, CA.

On behalf of the intervening plaintiff-respondent, the cause was submitted on the briefs of *Kurt H. Frauen* and *James F. Boyle* of *Borgelt, Powell, Peterson & Frauen, S.C.* of Milwaukee, with oral argument by *Kurt H. Frauen.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. We must decide whether this is an uninsurance case or an underinsurance case; the

difference is significant in that different case law may apply, affecting the enforceability of a reducing clause. We conclude, based on the facts presented and applying those facts to the policy, that this case should properly be viewed as one of underinsurance. As such, this case is controlled by *Kuehn v. Safeco Ins. Co. of Am.*, 140 Wis. 2d 620, 412 N.W.2d 126 (Ct. App. 1987), and requires affirmance of the trial court's judgment.

Eileen Kaun was injured in an automobile accident caused by the other driver, Daniel Smith, on September 25, 1982. Smith was insured by Industrial Fire & Casualty Insurance Company, but only for $15,000.

Kaun had a policy with Badger Mutual Insurance Company. The policy provided for both uninsured motorist coverage *and* underinsured motorist coverage. Each coverage amounted to $50,000.

Badger Mutual initially paid Kaun $1000 under the medical payments provision of the policy. Upon denial of coverage for the accident by Industrial Fire & Casualty, Badger Mutual paid an additional $49,500 under the uninsured motorist coverage.

Industrial Fire & Casualty ultimately admitted liability. It tendered the $15,000 policy limits to the court in full satisfaction of its obligation.

For purposes of summary judgment, Badger Mutual conceded that Kaun's injuries are greater than $65,000 and that concession holds true for this appeal.

The first issue is whether this is an uninsurance case or an underinsurance case. This question is important because if this is an uninsurance case, the principles enunciated in *Nicholson v. Home Ins. Cos.*, 137 Wis. 2d 581, 405 N.W.2d 327 (1987), arguably apply. *Nicholson* can be held to mean that reducing

clauses are not enforceable as to the named insured in uninsured motorist coverage cases.

██

On the other hand, this court held in *Kuehn* that reducing clauses are enforceable when related to underinsured motorist coverage. *Kuehn,* 140 Wis. 2d at 627–28, 412 N.W.2d at 129.

In determining this question, we look to Badger Mutual's policy which defines an uninsured motor vehicle as one which is:

> insured by a bodily injury liability bond or policy at the time of the accident but the company denies coverage.

Kaun reads the above language to say that the Badger Mutual policy affords uninsured coverage for those situations where the tortfeasor does have insurance but the insuring company denies coverage. In the instant case, upon denial of coverage for the accident by the tortfeasor's insurer, Industrial Fire & Casualty, Badger Mutual paid $49,500 under the uninsured motorist coverage. Kaun concludes that the uninsured motorist coverage is effectual here, not the underinsured coverage.[1]

In support, Kaun points to Badger Mutual's policy language defining what is *not* an underinsured motor vehicle. It does not include a vehicle:

> which is insured by liability policy or bond at the time of the accident, but the insuring company or bonding denies coverage.

---

[1]Badger Mutual's underinsurance policy provides that an underinsured motor vehicle means, in part, a land motor vehicle insured by a liability policy or bond at the time of the accident which provides bodily injury liability limits less than the limit of liability for this coverage.

Badger Mutual, for its part, agrees that under the terms of its policy, even if a tortfeasor is insured, uninsurance coverage is operative if the tortfeasor's insurer denies coverage. It further agrees that it initially paid Kaun $49,500 as an uninsurance benefit because the tortfeasor's insurer had denied coverage.

Ultimately, however, the tortfeasor's insurer admitted coverage and tendered payment. This act, claims Badger Mutual, changed the character of the $49,500 payment to one of underinsurance making the underinsurance cases germane here.[2]

The language of an insurance contract must be given the common and ordinary meaning it would have in the mind of a lay person. *Welter v. Singer,* 126 Wis. 2d 242, 249, 376 N.W.2d 84, 86 (Ct. App. 1985). We construe the term "denies coverage" to mean that ultimately, not just initially, there must be no insurance coverage afforded the tortfeasor. By common sense definition, a person whose supposed insurer will not cover him or her is without insurance. A person who is covered eventually, though not at first, is still covered. Thus, the ordinary meaning is that uninsurance ceases and underinsurance ensues whenever a tortfeasor ultimately has insurance coverage. The character of an initial payment based on uninsurance coverage can change depending on whether or not the tortfeasor's insurer ultimately admits coverage or

---

[2]Badger Mutual does not concede that if this were an uninsurance case, that it would be unable to collect the $15,000. It argues that *Nicholson v. Home Ins. Cos.,* 137 Wis. 2d 581, 405 N.W.2d 327 (1987), can be distinguished on its facts. However, we do not find it necessary to reach this issue.

coverage is found to exist despite the denial. We conclude that the underinsurance provisions apply.[3]

Because underinsurance applies, we hold that *Kuehn* controls. *Kuehn* held that a reducing clause was enforceable when related to underinsured motorist coverage. *Kuehn*, 140 Wis. 2d at 627–28, 412 N.W.2d at 129. Kaun argues that *Kuehn* is distinguishable on its facts. Kaun claims that because *Kuehn* involved an oral contract of underinsurance with a definition that differed from the definition of underinsurance in this case, *Kuehn* is not controlling.

We disagree. In *Kuehn*, the trial court ruled that the oral contract entered into by the parties was for underinsurance which would pay up to the limits of the policy, but only as reduced by the limits of the tortfeasor's liability policy. *Id.* at 625–26, 412 N.W.2d at 128. The *Kuehn* court agreed, finding that the trial court's construction of the parties' intent was not clearly erroneous and that reducing clauses were not prohibited in cases involving underinsurance. *Id.* at 622, 412 N.W.2d at 127.

We have the same kind of underinsurance coverage here. Amounts payable will be reduced by pay-

---

[3]Kaun raises a hypothetical in an attempt to explain why an insurer should not be allowed to change the character of payment from uninsurance to underinsurance. She asks us to assume a situation where there is an uninsurance provision but no underinsurance. If the tortfeasor's insurer denies coverage, uninsurance becomes operative. If later, after payment is made to the insured, the tortfeasor's insurer admits coverage, Kaun contends that the victim's insurer could not demand repayment from the victim. If the insurer cannot demand repayment in the hypothetical, Kaun argues that it should not be able to collect repayment now.

We agree with Badger Mutual, however, that we cannot address the hypothetical in the abstract. Too much depends on the facts and circumstances of the case should it arise.

ments made by the owner or operator of the underinsured motor vehicle, according to the insurance policy.

We conclude that this is an underinsurance case and that *Kuehn* controls.[4] Therefore, the reducing clause allows Badger Mutual to collect the $15,000 because of the reducing feature of the underinsurance contract.[5]

---

[4]We make this statement notwithstanding the dicta in a footnote to *Vogt v. Schroeder,* 129 Wis. 2d 3, 18 n. 7, 383 N.W.2d 876, 882 (1986).

[5]Kaun also claims that this is a subrogation action, not a reducing clause case, and that the principles in *Rimes v. State Farm Mut. Auto. Ins. Co.,* 106 Wis. 2d 263, 316 N.W.2d 348 (1982), and *Garrity v. Rural Mut. Ins. Co.,* 77 Wis. 2d 537, 253 N.W.2d 512 (1977), control. Kaun argues that since her damages are more than $65,000 and she has received $50,000 from her insurer, she and her insurer are fighting over the $15,000 that would go toward making her whole. Kaun concludes that when an insurer and insured are fighting over moneys that would help make the insured whole, *Garrity* and *Rimes* mandate that the insured get the money.

This is not, however, a subrogation case. This is a case where there is an insurance provision limiting the amount of insurance available. Badger Mutual made its $49,500 payment under its uninsured motorist coverage at the time Industrial Fire & Casualty was denying coverage to the third-party tortfeasor. Later, Industrial admitted coverage and paid its $15,000 policy limits. We cannot penalize Badger Mutual for making this payment pending the determination of Industrial's coverage. To penalize it would be to ignore Wisconsin case law relating to bad faith of insurance companies.

The insured, Eileen Kaun, specifically agreed in a release and trust agreement that she would hold in trust funds recovered from the parties liable for her loss, Smith and Industrial Fire & Casualty.

*By the Court.*—Judgment affirmed.

Obviously, Badger Mutual was relying upon its reducing clause by making payment, since any recovery from the third-party tortfeasor had not at that time been determined and the opportunity to apply the reducing clause had not yet presented itself.

We are unpersuaded that Badger Mutual's payment of benefits, while rights against the third-party tortfeasor were being determined, somehow transforms this into a subrogation claim rather than a reduction of policy limits case.